```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

DANANAI A. McCARTHY                                        PLAINTIFF

    vs.                   Case No. 06-5150

DR. N. MULLINS, et al.                                    DEFENDANTS

**O R D E R**

On this 12th day of April, 2007, comes on to be considered the **Motion to Dismiss (doc. 6)** of separate defendant St. Mary's Hospital. Being well and sufficiently advised, the Court finds and orders as follows:

1. The plaintiff, Dananai A. McCarthy, filed his complaint with this Court on August 14, 2006. McCarthy included as a defendant St. Mary's Hospital (hereinafter "St. Mary's).

2. St. Mary's now moves for dismissal of the plaintiff's complaint. St. Mary's argues that the complaint against it should be dismissed for: insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure; and, failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has not responded to the instant motion to dismiss.

3. The Court will first address St. Mary's argument with respect to insufficiency of service of process. Proper service of process is important because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." <u>Printed Media Services, Inc. V. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993)(citations omitted). It appears that the plaintiff attempted to accomplish service through the mail. The photocopy of the envelope which contained the summons and complaint is attached to St. Mary's motion and evidences that the plaintiff mailed the

documents via certified mail and addressed to "Attn: Director, St. Mary's Hospital, Rogers, AR 72756."  Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that service may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected."  Fed. R. Civ. P. 4(e)(1).  Arkansas law provides

> Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

AR. R. Civ. P. 4(d)(8)(A)(i).  The pleadings do not evidence that service was accomplished in the manner proscribed by law; and, therefore, the Court finds that the motion should be, and it hereby is **GRANTED**.

IT IS, THEREFORE, ORDERED the **Motion to Dismiss (doc. 6)** of separate defendant St. Mary's Hospital should be, and it hereby is **granted**.

IT IS, FURTHER, ORDERED that the plaintiff's complaint as stated against St. Mary's Hospital should be, and it hereby is, **dismissed**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE