```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                        FAYETTEVILLE DIVISION
```

DANANAI A. McCARTHY                                           PLAINTIFF

    vs.                    Case No. 06-5150

DR. N. MULLINS, et al.                                       DEFENDANTS

### O R D E R

On this 12th day of April, 2007, comes on to be considered the **Motion to Dismiss of Highland Oncology Group (doc. 41)**. Being well and sufficiently advised, the Court finds and orders as follows:

1. The plaintiff, Dananai A. McCarthy, filed his complaint with this Court on August 14, 2006. In the complaint, McCarthy appears to include as a defendant Highland Oncology Group (hereinafter "Highland").

2. Highland now moves for dismissal of the plaintiff's complaint. Highland argues that the complaint against it should be dismissed for: lack of jurisdiction over subject matter; lack of jurisdiction over the person; insufficiency of process; insufficiency of service of process; and failure to state a claim upon which relief can be granted. The plaintiff has not responded to the instant motion to dismiss.

3. The Court will first address Highland's argument with respect to insufficiency of service of process. Proper service of process is important because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Services, Inc. V. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993)(citations omitted). It appears that the plaintiff attempted to accomplish service through the mail. The plaintiff's Affidavit of Service (doc. 44) evidences that the plaintiff attempted service via certified mail on October 7, 2006. From the attached certified

mail receipts, it appears that "restricted delivery" was not required and than an individual named "Linda Prim" signed for the envelope. Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that service may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Arkansas law provides

> Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

AR. R. Civ. P. 4(d)(8)(A)(I). The pleadings do not evidence that service was accomplished in the manner proscribed by law – specifically, delivery was not restricted to the agent for Highland; and, therefore, the Court finds that service was insufficient.

4.  The Court further finds that the complaint fails to state a claim upon which relief can be granted with respect to Highland. The complaint simply fails to sufficiently plead in a fashion in which Highland can receive reasonable notice of the allegations which are being made against it. *See* Fed. R. Civ. P. 10.

5.  For the above reasons, the Court finds that the instant motion should be, and it hereby is **GRANTED**. Because it has ruled

on the motion on the above grounds, the Court will not address Highland's other reasons it contends support dismissal at this time.

IT IS, THEREFORE, ORDERED the **Motion to Dismiss of Highland Oncology Group (doc. 41)** should be, and it hereby is **granted.**

IT IS, FURTHER, ORDERED that the plaintiff's complaint as stated against Highland Oncology Group should be, and it hereby is, **dismissed.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE