```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                        FAYETTEVILLE DIVISION
```

DANANAI A. McCARTHY                                          PLAINTIFF

    vs.                    Case No. 06-5150

DR. N. MULLINS, et al.                                       DEFENDANTS

**O R D E R**

    On this 12th day of April, 2007, comes on to be considered the **Motion to Dismiss of Dr. Miles (doc. 51)**.  Being well and sufficiently advised, the Court finds and orders as follows:

    1.   The plaintiff, Dananai A. McCarthy, filed his complaint with this Court on August 14, 2006.  In the complaint, McCarthy appears to include as a defendant Dr. Miles.

    2.   Dr. Miles now moves for dismissal of the plaintiff's complaint.  Dr. Miles argues that the complaint against him should be dismissed for: lack of jurisdiction over subject matter; lack of jurisdiction over the person; insufficiency of process; insufficiency of service of process; and failure to state a claim upon which relief can be granted.  The plaintiff has not responded to the instant motion to dismiss.

    3.   The Court will first address Dr. Miles' argument with respect to insufficiency of service of process.  Proper service of process is important because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  <u>Printed Media Services, Inc. V. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993)(citations omitted).  It appears that the plaintiff attempted to accomplish service through the mail.  The plaintiff's Affidavit of Service (doc. 61) evidences that the plaintiff attempted service via certified mail on October 7, 2006.  From the attached certified mail receipts, it appears that "restricted delivery" was not

required and that the envelope was *not* signed for as required by the return receipt.  Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that service may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected."  Fed. R. Civ. P. 4(e)(1).  Arkansas law provides

> Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

AR. R. Civ. P. 4(d)(8)(A)(I).  The pleadings do not evidence that service was accomplished in the manner proscribed by law – specifically, delivery was not restricted to the addressee, Dr. Miles; and, therefore, the Court finds that service was insufficient.

    4.   The Court further finds that the complaint fails to state a claim upon which relief can be granted with respect to Dr. Miles.  The complaint simply fails to sufficiently plead in a fashion in which Dr. Miles can receive reasonable notice of the allegations which are being made against him.  *See* Fed. R. Civ. P. 10.

    5.   For the above reasons, the Court finds that the instant motion should be, and it hereby is **GRANTED.**  Because it has ruled

on the motion on the above grounds, the Court will not address Dr. Miles' other reasons he contends support dismissal at this time.

IT IS, THEREFORE, ORDERED the **Motion to Dismiss of Dr. Miles (doc. 51)** should be, and it hereby is **granted.**

IT IS, FURTHER, ORDERED that the plaintiff's complaint as stated against Dr. Miles should be, and it hereby is, **dismissed.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE