```
            UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

DANANAI A. McCARTHY                                    PLAINTIFF

    vs.                    Case No. 06-5150

DR. N. MULLINS, et al.                                DEFENDANTS

**O R D E R**

On this 12th day of April, 2007, comes on to be considered the **Motion to Substitute the United States for Individually Named Defendants, Robert C. Balfe, Kyra Jenner and John B. Schisler and to Dismiss Complaint Against the United States and United States Marshal's Service (doc. 65)**. Being well and sufficiently advised, the Court finds and orders as follows:

1. The plaintiff, Dananai A. McCarthy, filed his complaint with this Court on August 14, 2006. In the complaint, McCarthy appears to include as defendants Kyra Jenner, Robert C. Balfe, the United States Marshal's Service, and Jack Schisler (the United States defendants").

2. The United States defendants now move for dismissal of the plaintiff's complaint. The United States defendants argue that the as against Kyra Jenner in her individual capacity, the complaint should be dismissed for insufficiency of process and insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(i)(2)(B). Further, the United States defendants argue that the complaint should be dismissed against the United States, its entities, the United States's Attorney's Office, the United States Marshal's Office, and all federal employees named in the complaint in their official capacity for insufficiency of process and insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(i)(1) and (2).

3.    Alternatively, the United States defendants argue that the United States Attorney Robert C. Balfe, Assistant United States Attorney Kyra Jenner, and Federal Public Defender John B. Schisler were acting within the scope of their duties in this matter, and that the United States should be substituted as the defendant in their place and that the complaint should then be dismissed as to these individual defendants.

4.    Finally, the United States defendants argue that the complaint should then be dismissed as to the United States as this Court lacks subject matter jurisdiction because plaintiff has failed to exhaust administrative remedies (28 U.S.C. § 2675) and has failed to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6).

5.    The plaintiff has not responded to the instant motion.

6.    The Court will first address the United States defendants' argument with respect to insufficiency of process and insufficiency of service of process.  Proper service of process is important because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993)(citations omitted).

According to the Federal Rules of Civil Procedure, in order to effect

> (A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

> (B) Service on an officer or employee of the United States sued in an individual capacity for acts occurring in connection with performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule (e),(f), or (g).

Fed. R. Civ. P. 4(i)(2)(A)-(B). Rule 4(i)(1) requires the plaintiff to serve both the United States Attorney's office (Rule 4(i)(1)(A)) and the Attorney General of the United States at Washington, District of Columbia (Rule 4(i)(1)(B)).

From the pleadings and records on file, it appears that the plaintiff failed to properly perfect service with respect to each of the United States defendants. Although the plaintiff did send the summons to the United States Attorney's post office box by certified mail, he failed to serve the Attorney General of the United States. The plaintiff's failure to serve the Attorney General causes his service to be deficient as to each of the above referenced separate United States defendants; and, therefore, the Court finds that the complaint should be dismissed.

7.  The Court further finds that the complaint fails to state a claim upon which relief can be granted with respect to the United States defendants. The complaint simply fails to sufficiently plead in a fashion in which the United States defendants can receive reasonable notice of the allegations which are being made against them. *See* Fed. R. Civ. P. 12(b)(6) and 10.

8.  For the above reasons, the Court finds that the instant motion should be, and it hereby is **GRANTED**. Because it has ruled on the motion on the above grounds, the Court will not address the other reasons the United States defendants contend that dismissal

should occur.  And, for the same reasons, the Court will not address the United States defendants' alternative motion for substitution.

IT IS, THEREFORE, ORDERED the **Motion to Substitute the United States for Individually Named Defendants, Robert C. Balfe, Kyra Jenner and John B. Schisler and to Dismiss Complaint Against the United States and United States Marshal's Service (doc. 65)** should be, and it hereby is **granted.**

IT IS, FURTHER, ORDERED that the plaintiff's complaint as stated against Kyra Jenner, Robert C. Balfe, the United States Marshal's Service, and Jack Schisler should be, and it hereby is, **dismissed.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
